**LITSEY, Plaintiff, v. LOOKER et, Defendants.**

Common Pleas Court, Montgomery County.

No. 110721.   Decided April 11, 1958.

Robert K. Corwin, Paul E. Lacouture, for plaintiff.

Gordon H. Savage, Ralph S. Shell, Jesse Jennings, Edgar J. Graef, Jr., and other counsel representing lot owners and mortgagees.

## OPINION

By McBRIDE, J.:

The court will confine its remarks to the facts which determine the motion to dismiss at the end of the plaintiff's case.  The action is upon a mechanic lien taken on twenty-nine residential lots under §1311.08 R. C., which authorizes a single lien when the work is performed under "one general contract."

The plaintiff's testimony is succinctly quoted as follows: "He asked if I was interested in completing those houses in the Tall Oaks Plat and I told him yes and he said something about I don't know if we can afford you or not but we will keep on going and I will let you know if the cost gets out of hand.  I said Charlie we will continue on the same basis I have been working for you and from that conversation on there was never any more entered into, any kind of agreement, on that job.  I just kept right on working as the job would progress."

Other than a few preliminaries this constitutes all of the testimony relating to the nature and existence of a contract.  The court finds that where a contractor is requested by the owner-builder to paint on a time and material basis a model house and an indefinite number of additional

houses which the owner may thereafter request him to paint when as and if buildings become available for painting such an arrangement is not "one general contract" but rather is a simple understanding that the contractor will be employed in the future under separate contracts to paint separate units when and as requested. The plaintiff denied there was any agreement other than that he would be called upon to paint such houses as DePorter might erect, if the cost of painting remained satisfactory. Each request created a separate implied contract covering separate buildings.

This arrangement between the owner-builder and the painting contractor is vague and indefinite and it does not constitute a single general contract for painting all buildings which were subsequently erected and painted. Such an arrangement does not support a single lien under §1311.08 R. C., on all buildings which were painted upon subsequent separate requests extending over a period of nearly two years.

One general contract within the purpose of the statute requires a definite agreement covering the entire subject matter of the contract, including the precise number of buildings to be erected. Any other construction of this statute based merely upon a vague willingness to continue to work together would destroy the purpose and intent of the statute by continuing the lien time on all future construction as long as the two individuals got along together and continued to work together.

The motion to dismiss at the end of the plaintiff's case is sustained.